**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-CR-0154-CVE-1 |
| ) | |
| KAMERON TODD MYERS, ) | |
| a/k/a "Casper," ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant Kameron Todd Myers's motion for bifurcated proceeding (Dkt. # 71). Plaintiff has filed a response in opposition (Dkt. # 74).

On August 6, 2019, a grand jury returned an indictment (Dkt. # 2) charging defendant with two counts of carjacking (counts 1, 4); two counts of knowingly carrying, using, and brandishing a firearm in relation to carjacking (counts 2, 5); and one count of felon in possession of a firearm and ammunition (count 6). Plaintiff alleges that defendant brandished a pistol and took a Mercedes automobile by force from a married couple in a motel room (counts one and two). Dkt. # 74, at 2. Plaintiff further alleges that, two days later, defendant again brandished a pistol and took a Jeep Grand Cherokee from two men at a different motel parking lot (counts four and five). Id. Plaintiff alleges that on June 10, 2019, Tulsa police officers arrested defendant and his co-defendants at a QuikTrip parking lot in Tulsa, Oklahoma. Id. at 3. The officers allegedly found a Glock .45 caliber pistol hidden behind the Mercedes car stereo (count six)–which was the car defendant parked in the QuikTrip parking lot. Id. The Jeep Grand Cherokee was allegedly recovered at the same time at the QuikTrip parking lot. Id.

**I.**

Rule 8(a) of the Federal Rules of Criminal Procedure broadly allows joinder of offenses in three situations: (1) when the offenses are of the same or similar character; (2) when the offenses are based on the same act or transaction; or (3) when the offenses are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). Rule 8 is construed "broadly to allow liberal joinder to enhance the efficiency of the judicial system." United States v. Johnson, 130 F.3d 1420, 1427 (10th Cir. 1997). However, even in the absence of a misjoinder under Rule 8(a), the court may order the separate trials of counts "[i]f the joinder of offenses . . . appears to prejudice a defendant or the government . . . ." Fed. R. Crim. P. 14. "In deciding on a motion for severance, the district court has a duty to weigh the prejudice resulting from a single trial of counts against the expense and inconvenience of separate trials." United States v. Hollis, 971 F.2d 1441, 1456 (10th Cir. 1992). "The decision whether to grant or deny severance is within the sound discretion of the trial court . . . ." United States v. Cardall, 885 F.2d 656, 667 (10th Cir. 1989).

**II.**

Defendant asks the Court to bifurcate his trial as to his felon in possession charge in count six. Dkt. # 71, at 1-2. He states that count six recites six prior felony convictions, one of which appears to have been dismissed. Id. at 1. Defendant argues "that both the carjacking and brandishing counts are highly defendable, but will be significantly less so if the jury is aware of at least five prior unrelated convictions alleged to have been committed by the [d]efendant in the past." Dkt. # 71, at 1. He asks the Court to bifurcate the trial, "leaving the issue of whether the [d]efendant has prior convictions to a second stage[.]" Id. at 2. Plaintiff argues that counts one, two, four, five, and six "are similar, arise out of the same acts and transactions, are part of a common scheme and

2

plan, and involve the same, or similar, firearm, [and] the evidence to prove the offenses is identical." Dkt. # 74, at 3.

The Court finds that count six is of the same or similar character, arises from the same or similar transaction, and constitutes part of a common scheme or plan as counts one, two, four, and five, and therefore is properly joined. The Tulsa police officers arrested defendant and found the two allegedly stolen vehicles at the same time and at the same place. Dkt. # 74, at 3. In the allegedly stolen Mercedes, the officers found a Glock .45 caliber pistol. Id. Defendant's felon in possession of a firearm charge therefore arises from his carjacking and brandishing of a firearm charges. Further, the Tenth Circuit has upheld joinder when a defendant is charged with being a felon in possession of a firearm in addition to the substantive crimes. See United States v. Jones, 213 F.3d 1253, 1261 (10th Cir. 2000). Any danger of prejudice can be minimized by a stipulation under Old Chief v. United States, 519 U.S. 172 (1997), that he was previously convicted of a felony offense. See Jones, 213 F.3d at 1261 (stipulating to a prior felony conviction shields from the jury the prejudicial details of the defendant's prior activities). The Court can also give a limiting instruction. See id. (finding that a limiting instruction reduces prejudice as to the joined offense). The Court finds that, in the interests of judicial economy, defendant's motion for bifurcated proceeding should be denied.

**IT IS THEREFORE ORDERED** that defendant Kameron Todd Myers's motion for bifurcated proceeding (Dkt. # 71) is **denied**.

**DATED** this 21st day of November, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE