## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 19-CR-0154-001-CVE** |
| | ) | **(See also 21-CV-0356-CVE-JFJ)** |
| KAMERON TODD MYERS, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION AND ORDER</u>

Before the Court are defendant's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 146) and for appointment of counsel to assist him in his § 2255 motion (Dkt. # 158). On August 30, 2021, defendant Kameron Todd Myers, a federal prisoner appearing <u>pro se</u>, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 146). Section 2255 provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." The United States filed a response in opposition to the § 2255 motion (Dkt. # 151) on September 30, 2021. The Court granted (Dkt. # 153) defendant's motion for an extension of time to reply to plaintiff's response (Dkt. # 152), and defendant filed a response (Dkt. # 154) and a supplement to his response (Dkt. # 155) on December 2, 2021. Later, on October 20, 2022, defendant filed a supplement to his initial § 2255 motion. Dkt. # 169.

In addition, on March 8, 2022, defendant asked the Court to appoint counsel to assist him with his § 2255 motion.  Dkt. # 158.  Defendant's § 2255 motion is fully briefed and he has clearly articulated the factual and legal issues that he believes support his request to vacate his 18 U.S.C. § 924(c) convictions, and the Court finds that it would not be necessary or helpful to appoint counsel to represent defendant in this matter.

## I.

On August 6, 2019, a grand jury returned an indictment charging defendant with two counts of carjacking, in violation of 18 U.S.C. §§ 2119 and 2 (counts one and four); two counts of using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (counts two and five); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count six).  Dkt. # 2.  A co-defendant was also charged in count one, and another co-defendant was charged with accessory after the fact, in violation of 18 U.S.C. § 3 (count three).  Id.  Defendant was arraigned on the indictment on August 19, 2019.  Dkt. # 27.  Magistrate Judge Jodi F. Jayne appointed William Lunn to represent defendant. Dkt. # 28.

On December 13, 2019, defendant pleaded guilty to counts one, two, four, five, and six pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) written plea agreement.  Dkt. # 97. It was stipulated by defendant, his counsel, and plaintiff that the appropriate disposition of defendant's case was a sentence of 14 years imprisonment, comprised of "0 months on [c]ounts [o]ne, [f]our, and [s]ix, . . . with those three sentences running concurrent with each other, and to 84 months on [c]ount [t]wo and [c]ount [f]ive to run consecutively to each other and the other counts." Id. at 15.  In his signed petition to enter plea of guilty, defendant acknowledged that he had received

a copy of the indictment, discussed it with his attorney, and fully understood every charge made

against him.  Dkt. # 96, at 1.  He further acknowledged that counts two and five subject him to a

"statutory mandatory minimum sentence of seven years each, and they must run consecutive[ly] to

each other." Id. at 3.  Defendant also acknowledged that the maximum sentence for those counts was

life imprisonment.  Id.  In his plea agreement, defendant signed an appellate and post-conviction

waiver.  Dkt. # 97, at  3.  Defendant acknowledged:

> a.      [He] waives the right to directly appeal the conviction and sentence pursuant
>         to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); except that the defendant
>         reserves the right to appeal from a sentence that exceeds the statutory
>         maximum;
>
> . . .
>
> c.      [He] waives the right to collaterally attack the conviction and sentence
>         pursuant to 28 U.S.C. § 2255, including any assessment, forfeiture, restitution
>         order, the length of term of supervised release and any condition of
>         supervised release, except for claims of ineffective assistance of counsel.
>
>         [He] expressly acknowledges that counsel has explained his appellate and
> post-conviction rights; that the defendant understands his rights; and that the
> defendant knowingly and voluntarily waives those rights as set forth above.

Id. at 3.  In the stipulations paragraph of his plea agreement, defendant acknowledged that

> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the appropriate disposition in this case is
> a sentence of 14 years imprisonment.  The parties stipulate the 14 year sentence
> should be reached by the Court sentencing defendant to 0 months on Counts One,
> Four, and Six of the Indictment, with those three sentences running concurrently with
> each other, and to 84 months on Count Two and Count Five to run consecutively to
> each other and the other counts.  The parties further agree that the appropriate term
> of supervised release after imprisonment is a term of three years.  This agreed-upon
> sentence departs from the anticipated guideline calculation for the violations to which
> the defendant is pleading guilty.  This is an appropriate sentence because the agreed-
> upon sentence, while lower than the anticipated guideline sentence for defendant,
> allows the Government to hold defendant accountable for the crimes charged while
> providing the defendant the ability to receive credit for accepting responsibility for
> his actions.  The stipulated sentence, while lower than defendant's anticipated

Sentencing Guideline sentence, is long enough to properly hold defendant accountable for the serious crimes he committed. The sentence will also serve to protect the public from future harm from defendant, and serve as a deterrent to others who might consider committing these types of crimes. The sentence is a proper sentence based on defendant's actions and history. The United States represents that State authorities have agreed to dismiss *State of Oklahoma v. Kameron Todd Myers*, case numbers CF-2019-3323, CF-2019-2849, and CF-2019-2329 and further have agreed not to file applications to revoke in CF-17-5693 and CF-17-2500 should the court [sic] sentence the defendant pursuant to this plea agreement based on the allegations in the indictment.

Id. at 15-16. On the last page of his plea agreement, defendant signed the following statement:

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

Id. at 19.

At his change of plea hearing, defendant confirmed that he received a copy of the indictment and fully discussed the charges against him and the case in general with Lunn. Dkt. # 130, at 7. He also confirmed that he had the opportunity to read the plea agreement and the petition to enter plea of guilty and discuss them with Lunn. Id. at 7-8, 21. Defendant confirmed that he was fully satisfied with Lunn's representation, and the advice given him in this case by Lunn. Id. at 7. The Court asked defendant whether he could think of any understanding that he has with the United States in this case that is not in the plea agreement, and defendant answered, "No." Id. at 8. He stated that he understood the terms of the plea agreement, and that no one offered him any other or different promises or assurances of any kind that are not in the plea agreement. Id. He admitted that he was pleading guilty of his own free will because he is guilty. Id. at 9. Defendant acknowledged that he

4

understood that if, at sentencing, the Court chose not to follow the terms of the plea agreement, it would give defendant the opportunity to withdraw his plea of guilty. Id. Defendant acknowledged that the sentence the Court may impose may include terms of imprisonment as to counts one and four of not more than fifteen years, as to counts two and five of not less than seven years each and up to life each consecutive to each other and any other term of imprisonment, and as to count six of not more than 10 years. Id. at 10. Defendant verified that he had discussed the sentencing guidelines with his counsel and how they might affect his case. Id. at 15. Defendant acknowledged that, by entering the plea agreement and a plea of guilty, he was waiving or giving up certain appellate and post-conviction rights, including knowingly and voluntarily agreeing to waive the right to directly appeal his conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a), except that he reserves the right to appeal from a sentence that exceeds the statutory maximum. Id. at 16. He also stated that he understood that he was knowingly and voluntarily agreeing to waive his right to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel. Id. at 17. He acknowledged that his counsel had explained his appellate and post-conviction rights, that he understood those rights, and that he knowingly and voluntarily waived those rights. Id. The Court verified that defendant understood his Sixth Amendment rights to a jury trial, and that he wished to waive those rights knowingly and voluntarily. Id. at 18-19. The Court asked defendant if he and his counsel had discussed the role of aggravating facts or sentencing factors that could enhance his sentence. Id. at 19. Defendant confirmed that he had, and that he understood "that an aggravating fact or sentencing factor includes all relevant conduct associated with [his] criminal conduct that can increase [his] sentence." Id. The Court confirmed that defendant understood that, by waiving his rights to a jury, he was waiving his right

5

to have any aggravating fact or sentencing factor submitted to a jury and proven beyond a reasonable doubt. Id. at 20. Defendant agreed, and indicated that he understood that, instead, the Court would determine whether any alleged sentencing factors that could increase his sentence had been proven. Id. After this colloquy, defendant signed a waiver of jury, indicating that he desired "to voluntarily give up [his] right to a jury in all respects, both as to the determination of guilt or innocence and as to sentencing." Id. at 20-21.

The Court reviewed with defendant each element of each offense to which defendant was pleading guilty, and defendant admitted the factual basis underlying the offenses. Id. at 24-27. The Court next reviewed the stipulations in paragraph 17 of the plea agreement. Id. at 27. Defendant acknowledged that he "understand[s] that [he] and [his attorney] and the United States are agreeing that pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the appropriate disposition in this case is a sentence of 14 years' imprisonment." Id. Defendant acknowledged that the sentence should be reached by the Court sentencing him to zero months as to counts one, four, and six of the indictment, with those three sentences running concurrently with each other, and to seven years as to count two and seven years as to count five to run consecutively to each other and to the other counts. Id. at 27-28. Defendant acknowledged that the "agreed-upon sentence departs from the anticipated guideline calculation for the violations to which [he was] pleading guilty." Id. at 28. The Court asked defendant to confirm the remaining aspects of the stipulations, and defendant confirmed that he understood each of them. Id. at 28-29. Defendant proceeded to plead guilty to each of counts one, two, four, five, and six. Id. at 31-32.

On March 13, 2020, defendant asked to file a motion to withdraw his plea of guilty. Dkt. # 116, at 4. Lunn filed a brief related to a motion to withdraw his guilty plea (Dkt. # 117), explaining

his concerns that moving to withdraw the plea would be "legally frivolous and fraught with danger in that it could result in [defendant] spending the rest of his life in prison." Id. at 1. On March 16, 2020, defendant filed an affidavit declining to pursue a motion to withdraw the plea of guilty. Dkt. # 118. In it, he stated that after he "had a full opportunity to review . . . the viability of filing a motion to withdraw [his] plea of guilty" with his attorney, he concluded that it was "not in [his] best interests to pursue such an action." Id., at 1.

On March 19, 2020, the Court sentenced defendant to 0 months as to counts one, four, and six to run concurrently, and 84 months as to each of counts two and five to run consecutively to each other and all other counts, for a total of 168 months, or 14 years, followed by three years of supervised release as to counts one, four, and six, and five years supervised release as to counts two and five. Dkt. # 120. Judgment was entered on March 20, 2020. Dkt. # 121. Defendant appealed his sentence because the Court imposed a term of supervised release that differed from what was agreed upon in the Rule 11(c)(1)(C) plea agreement, and the parties filed a joint motion to remand to this Court for resentencing. The Tenth Circuit Court of Appeals granted the parties' joint motion to remand. Dkt. # 137. On November 2, 2020, defendant was re-sentenced to the same 14 year term of imprisonment, but to a term of three years of supervised released as to each count, to run concurrently with each other. Dkt. # 141. Final judgment was entered on November 3, 2020. Dkt. # 142.

Defendant moves to vacate his sentence under 28 U.S.C. § 2255. Dkt. # 146. His four grounds for relief in his motion are stated by him as:

- Ground One: "the stacking of [18 U.S.C. §] 924(c)(1)(A)(ii) in the same indictment is unconstitutional";

- Ground Two: "[18 U.S.C. §] 924(c)(1)(A)(ii) are supposed to be used as a[n] enhancement not a[n] actual charge";

- Ground Three: "the judiciary ruled that [18 U.S.C. §] 924(c) charges are to not be stacked in the same indictment they are to be used as [e]nhancement for gun"; and

- Ground Four: "Ineffective assistance of counsel."

Dkt. # 146, at 4-8.  Ground three appears to be a combined restatement of grounds one and two.  In the supporting facts section of Ground Four, defendant states that Lunn "knew that the stacking of [18 U.S.C. §] 924(c) in the same [i]ndictment were unconstitutional" but counsel "still informed [defendant] to . . . plea[d] guilty to the two [18 U.S.C. §] 924(c)(1)(A)(ii) that were stacked."  Id. at 8.  In addition to the grounds stated in his § 2255 motion, defendant's response (Dkt. # 154), supplement to his response (Dkt. # 155), and supplement to his § 2255 motion (Dkt. # 169) raise additional arguments concerning the operation of multiple counts under 18 U.S.C § 924(c) and whether his convictions for carjacking under 18 U.S.C. § 2119 constitute "crimes of violence" as required for his § 924(c) convictions.  Each of defendant's claims relies on his understanding of § 924(c).

## II.

Defendant's claims in his § 2255 motion hinge on the operation of multiple counts under 18 U.S.C. § 924(c).  Plaintiff argues that defendant's claims are based on a misunderstanding of the First Step Act's changes to § 924(c).  Dkt. # 151, at 1.  In his response, defendant seems to concede that the First Step Act does not actually help his § 2255 motion, and asks the Court to consider whether "the elements of carjacking truly consist of a crime of violence."  Dkt. # 154, at 1.  Defendant also argues that United States v. Davis, 139 S.Ct. 2319 (2019), in which the United States

Supreme Court declared the "residual clause" of § 924(c) to be unconstitutionally vague, is relevant and requires the Court to revisit his conviction.  Dkt. # 155, at 1.  Finally, in his supplement to his § 2255 motion (Dkt. # 169), defendant argues that he does not believe that "all the elements were reached nor can they be met, in order for there to be any carjacking or to consist [of] a crime of violence,"  because "[t]here was no force or injury to any . . . victims in [defendant's] case, nor was anyone directly taken from out of or anywhere around any vehicle," and that these deficiencies "support[] that [his] attorney was ineffective for advising [him] to plead guilty to an offense [without] a principal offender [and] that also is not considered a crime of violence."  Dkt. # 169, at 1-2.  All of defendant's claims attack his conviction based on his belief that the elements and requirements of § 924(c) were not met.  The Court finds that they were, and defendant's motion should be denied.

First, defendant argues that he is entitled to a reduction of his sentence because it was improper to stack multiple § 924(c) charges in the same indictment.  Dkt. # 146.  Presumably, defendant's position is based on amendments to § 924(c) under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (First Step Act).  The First Step Act amended § 924(c) to require that a prior conviction used to trigger the 25 year mandatory minimum under § 924(c)(1)(C)(i) must have become " final" and  § 924(c) charges brought in the same indictment do not trigger the mandatory minimum sentence of 25 years under § 924(c)(1)(C)(i).  These amendments occurred prior to defendant's sentencing on March 19, 2020.  As such, he received the benefit of the change because instead of facing 32 years, composed of seven years for the first charge and 25 years for the second, defendant faced only 14 years, composed of seven years for each of count two and count five to run consecutively to each other and to the other counts, as prescribed by § 924(c)(1)(A)(ii).  The 25 year

9

mandatory minimum clause was not triggered in defendant's case, and he received the benefits of the First Step Act in his sentence.

Further, defendant was properly charged with two § 924(c) charges in the same indictment because the facts alleged that defendant committed the crimes on two separate occasions.  Dkt. # 2, at 1-2, 4-5.  Not only does nothing prohibit the stacking of those charges, but also § 924(c)(1)(D) requires the terms of imprisonment to run consecutively to each other and to any other counts, which confirms the permissibility of multiple § 924(c) charges.  18 U.S.C. § 924(c)(1)(D)(ii) ("[N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.").  Defendant pleaded guilty to two counts under § 924(c)(1)(A)(ii) in open court and received the statutory minimum sentence, Dkt. # 130.  There is no basis for his argument that the counts could not be "stacked."  Indeed, consecutive terms of imprisonment are not only required by statute, 18 U.S.C. § 924(c)(1)(D)(ii), but also were also agreed to by defendant in his binding Rule 11(c)(1)(C) plea agreement.  Dkt. ## 96, 97, 130.

Defendant also argues that § 924(c)(1)(A)(ii) is "supposed to be used as a[n] enhancement and not an actual charge."  Dkt. # 146, at 5.  Defendant is mistaken again; this is simply a misunderstanding of the statute.  Section 924(c)(1)(A) dictates three different statutory mandatory minimum sentences for three different offenses depending on the extent to which a firearm is used, carried, brandished, or discharged during and in relation to a crime of violence.   18 U.S.C. § 924(c)(1)(A)(i-iii).  Defendant pleaded guilty to two counts of § 924(c)(1)(A)(ii), which provides that "if the firearm is brandished, [defendant shall] be sentenced to a term of imprisonment of not

less than 7 years." Id.  As the Supreme Court explained when discussing the statute, "because the fact of brandishing aggravates the legally prescribed range of allowable sentences, it constitutes an element of a separate, aggravated offense." Alleyne v. United States, 570 U.S. 99, 115 (2013).  Here, defendant pleaded guilty in open court to facts that satisfied all of the elements of the crimes to which he was found guilty, including that he brandished a firearm during the predicate offenses. Specifically, defendant stated that during the June 2, 2019, carjacking, he "brandished a pistol," and during the June 4, 2019, carjacking, he "pointed a pistol at" the victims.  Dkt. # 130, at 26. Therefore, defendant admitted to the "brandishing" element of both counts of § 924(c)(1)(A)(ii), and defendant was sentenced to the mandatory statutory minimum under the statute.  Further, even if defendant was correct that the "brandishing" fact is an enhancement and not an element of the offense, it is irrelevant here, as defendant was sentenced in accordance with the stipulations to which defendant agreed as part of his binding Rule 11(c)(1)(C) plea agreement.

Next, the Court addresses the arguments defendant raises in his response (Dkt. # 154), supplement to his response (Dkt. # 155), and supplement to his § 2255 motion (Dkt. # 169), all of which focus on whether carjacking, under 18 U.S.C. § 2119, is a "crime of violence," as required to satisfy defendant's convictions under § 924(c).  Dkt. # 154, at 1.  He also questions his conviction in light of the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), in which the Court "declared the so-called 'residual clause' of 18 U.S.C. § 924(c) unconstitutional," claiming that his conviction "does not fit under the remaining 'force clause.'"  Dkt. # 155, at 1.  Defendant also asserts that he "believe[s] the elements needed to consist of carjacking are not met in full," Dkt. # 169, at 1, and expresses some confusion over the differences between the counts to which he pleaded guilty, compared to the charges to which his co-defendant was convicted.  Id. at 2.  Finally,

defendant raises ineffective assistance of counsel claims again, "for advising [defendant] to plead guilty to an offense [without] a principal offender [and] that also is not considered a crime of violence." Id. at 3.

Once again, the Court finds that defendant's arguments are misguided and without merit. Defendant argues that his § 924(c) convictions should be vacated in light of Davis, because carjacking, the predicate offenses for these convictions, could qualify as crimes of violence only under the residual clause of § 924(c)(3)(A). Dkt. ## 154, 155. In the context of reviewing the validity of a § 924(c) conviction, a district court must review the record to determine if there is any mention of the residual clause in the presentence investigation report (PSR) or sentencing pleadings, and the district court must determine whether it would have been necessary to rely on the residual clause to sustain the conviction. United States v. Copeland, 921 F.3d 1233, 1242 (10th Cir. 2019). The Court has reviewed the PSR and the sentencing pleadings, and there is no mention of the residual clause. The Court will consider whether it would have been necessary to rely on the residual clause to sustain defendant's § 924(c) convictions.

In Johnson v. United States, 576 U.S. 591 (2015), the Supreme Court considered whether the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), was unconstitutionally vague. Johnson, 135 S. Ct. at 2556. The ACCA provided that a "violent felony" was:

any crime punishable by imprisonment for a term exceeding one year . . . that

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

12

(ii)     is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

Id. at 594 (emphasis in original).  The final clause of this section of the statute was known as the residual clause.  The Supreme Court considered its prior cases interpreting the residual clause and noted the uncertainty in its prior decisions, and found that "this Court's repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirm its hopeless indeterminacy."  Id. at 2558.  The Supreme Court found that the residual clause was unconstitutionally vague, but the Supreme Court did not call into question the validity of the remainder of the ACCA.  Id. at 2563.  In subsequent decisions, the Supreme Court applied the reasoning of Johnson to other statutes with similar language, and in two cases found that a residual clause in a federal criminal statute was unconstitutionally vague.  Sessions v. Dimaya, 138 S. Ct. 1204 (2018) (finding the residual clause of 18 U.S.C. § 16(b) was unconstitutionally vague because it provided no objective way to determine what crimes may ordinarily fit within the definition or what level of risk would be needed to commit a qualifying offense); Davis, 139 S. Ct. 2319 (finding the residual clause of § 924(c)(3)(B) unconstitutionally vague under the reasoning of Johnson).  The Tenth Circuit has determined that Davis announced a new rule of constitutional law that is retroactively applicable to cases on collateral review.  In re Mullins, 942 F.3d 975, 979 (10th Cir. 2019).

In this case, defendant pleaded guilty to two counts of carjacking (counts one and four) and two counts of using or carrying a firearm during and in relation to a crime of violence (counts two and five), in addition to one count of being felon in possession of a firearm (count six).  Dkt. ## 97, 130, at 31-32.  Defendant argues that carjacking is not a crime of violence, because the offense could

13

only be considered a crime of violence under the residual clause.  Section 924(c)(3) defined a "crime of violence" as any offense that:

> (A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  Subsection (B) is the residual clause that was found unconstitutional in Davis.  An offense must now qualify under § 924(c)(3)(A), known as the elements clause, in order to serve as a predicate offense for a § 924(c) conviction.  Davis was decided prior to defendant's conviction and sentence; therefore, the residual clause would not have been considered at the time defendant was sentenced.  Even so, the Court reviews defendant's conviction to confirm that the residual clause had no effect on his case.

Defendant pleaded guilty to two counts of carjacking (counts one and four) in violation of 18 U.S.C. § 2119, and guilty to separate § 924(c) charges (counts two and five) as to the carjacking convictions.  Section 2119 provides that "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so," shall be guilty of the crime of carjacking.  The Tenth Circuit has previously determined in an unpublished decision that carjacking is crime of violence under the elements clause of § 924(c).  United States v. Kundo, 743 F. App'x 201, 203 (10th Cir. July 27, 2018).[1]  Every other circuit court of appeals to consider this issue has found that carjacking is a crime of violence under

---

[1]      Unpublished decisions are not precedential, but may be cited for their persuasive value.  See Fed. R. App. 32.1: 10th Cir. R. 32.1.

the elements clause of § 924(c).  United States v. Felder, 993 F.3d 57 (2d Cir. 2021); Estell v. United States, 924 F.3d 1291 (8th Cir. 2019); United States v. Jackson, 918 F.3d 467 (6th Cir. 2019); United States v. Cruz-Rivera, 904 F.3d 63, (1st Cir. 2018); United States v. Evans, 848 F.3d 242 (4th Cir. 2017).  The Court finds that carjacking is a crime of violence under the elements clause of § 924(c), and Davis has no effect on the validity as to defendant's convictions as to counts two and five of the indictment.

Defendant then argues that the "elements needed to consist of carjacking are not met in full" because "[t]here was no force or injury to any said victims . . . , not was anyone directly taken from out of or anywhere around any vehicle."  Dkt. # 169, at 1.  Defendant misstates the elements of carjacking under 18 U.S.C. § 2119, as stated above, and contradicts what he previously stated during his change of plea hearing, while under oath and in open court.  During that hearing, defendant stated that he "intentionally took a . . . automobile from a man . . . through force, fear and intimidation." Dkt. # 130, at 26.  He proceeded to explain that he "brandished a pistol and I . . . made threats of seriously body [sic] harm in order to get the man to give me his keys."  Id.  As to the second instance, defendant stated that he "intentionally took a [vehicle] from two men . . . through force, fear, and intimidation. [He] pointed a pistol at the two men and told them to give [him] the keys to the vehicle."  Id.  These facts satisfy each of the elements of carjacking, because defendant stated he took the motor vehicles that had been in interstate commerce "through force, fear, and intimidation," and that force, fear, and intimidation, as well as the intent to cause serious bodily harm, is demonstrated through defendant brandishing the firearm and making threats of serious bodily harm. Therefore, the Court finds the elements of carjacking are satisfied.

15

Defendant's final ground in his § 2255 motion claims that Lunn was ineffective because he "informed [defendant] to take [and] plea[d] guilty to the two [§] 924(c)(1)(A)(ii) [counts] that were stacked" even though he "knew that the stacking of 924(c) in the same [i]ndictment w[as] unconstitutional." Dkt. # 146, at 8. He also asserts that Lunn for ineffective "for advising [defendant] to plead guilty to an offense [without] a principal offender [and] that also is not considered a crime of violence." Dkt. # 169, at 3. Plaintiff argues that Lunn "did not render ineffective assistance of counsel by correctly advising [defendant] about the application of § 924(c) and the potential sentence he faced if he went to trial." Dkt. # 151, at 6.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that counsel's deficient performance prejudiced the defendant to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also

Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).   In Glover v. United States, 531 U.S. 198, 199

(2001), the Supreme Court held that "any amount of actual jail time has Sixth Amendment

significance."  Thus, the prejudice prong of the Strickland test does not require that any increase in

sentence must meet a standard of significance.  See United States v. Horey, 333 F.3d 1185, 1187-88

(10th Cir. 2003).

The Court finds that defendant's allegations fail to meet either prong of the Strickland test

for ineffective assistance of counsel.  First, for the aforementioned reasons, there is nothing

unconstitutional or improper about stacking multiple counts of carrying, using, and brandishing a

firearm during and in relation to a crime of violence under § 924(c) in the same indictment, nor is

there any question that carjacking is considered a crime of violence.  Therefore, Lunn could not have

been ineffective for correctly advising defendant based on multiple § 924(c) charges that he faced.

In addition, defendant's assertion that it was improper for Lunn to advise him to "plead guilty to an

offense [without] a principal offender [and] that also is not considered a crime of violence," Dkt. #

169, at 3, is similarly without merit.  Defendant seems to think that his codefendant's conviction

does not align with his own, and that means his convictions are somehow improper.  That his co-

defendant was eventually convicted of a different offense is not relevant to defendant's own

convictions.  Instead, defendant's convictions are based solely on defendant's pleas of guilty that

were supported by his independent factual admissions, containing each of the essential elements of

each of the five counts. Dkt. # 130, at 26-27, 31-32.  In addition, under the performance prong, there

is no indication that Lunn acted improperly or unreasonably in advising defendant and negotiating

the plea agreement, which greatly benefitted defendant by securing agreed sentences of zero months

17

for three of his counts and agreed sentences of the statutory mandatory minimum as to counts two and five.

Under the second prong, there is no reasonable probability that, but for Lunn's alleged deficiencies, the results of defendant's proceedings would have been any different. Instead, it is clear that Lunn was a highly effective advocate in negotiating a plea agreement that limited defendant's imprisonment to only 14 years, the statutory mandatory minimum for two counts under § 924(c), and zero months for the other counts. The Court finds that defendant cannot show that Lunn performed deficiently, nor can he show any possible prejudice as a result.

In sum, the Court finds that defendant's claims in his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 146), as well as his additional claims in his response (Dkt. # 154), and supplements (Dkt. ## 155, 169), are all based on a inaccurate interpretation of 18 U.S.C. § 924(c). For all of the aforementioned reasons, the Court did not err in imposing defendant's 14-year term. Instead, the Court accepted the binding Rule 11(c)(1)(C) plea agreement that defendant agreed to, and imposed the sentence required by both the plea agreement and by § 924(c). Defendant's § 2255 motion (Dkt. # 146) should be dismissed.

### III.

Pursuant to 28 U.S.C. § 2253, a defendant is required to obtain a certificate of appealability (COA) before appealing a final order in a proceeding under 28 U.S.C. § 2255. Section 2253(c) instructs that the court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further

proceedings.  <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).  After considering the record in this case, the Court concludes that a COA should not issue because defendant has not made a substantial showing of the denial of a constitutional right.  The Court does not find that the issues raised by defendant are debatable among jurists or that the Tenth Circuit would resolve the issues differently, and defendant has not made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 146) is **denied**, and defendant's motion for appointment of counsel in this matter (Dkt. # 158) is **moot**.  A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability on any issue raised in defendant's § 2255 motion.

**DATED** this 6th day of March, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE